IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD LAFF, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEST BUY STORES, L.P. and BEST BUY CO., INC., )<br>)<br>Defendants. ) | 09 C 6649<br><br>Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Defendants Best Buy Stores, L.P. and Best Buy Co., Inc. (collectively "Best Buy") have moved to dismiss plaintiff Todd Laff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

In order to survive Best Buy's motion to dismiss, plaintiff's complaint must provide grounds for entitlement to relief that are more than mere labels and conclusions. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). That is, plaintiff's factual allegations must be sufficient to raise a right to relief above the speculative level, and the complaint must state a claim for relief that is plausible on its face. See id. at 555, 570. When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in plaintiff's favor. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007).

In his amended complaint, plaintiff alleges that Best Buy advertises a "price match

guarantee." Under this guarantee, if a customer who purchased a product from Best Buy presented verification that a retail competitor in the same market area offered a lower price on an available product of the same brand and model, Best Buy promised to refund the price difference, plus an additional 10% of that difference, up to thirty days after the purchase. For customers who were about to make a purchase, Best Buy also promised to match local competitors' lower prices. Best Buy communicates this guarantee to consumers in its Sunday circular, on its website, in television commercials, and in its stores on signs and tear pads.

According to the amended complaint, Best Buy also maintains an undisclosed internal policy under which it discourages and denies customers' proper price match requests. For example, plaintiff alleges, Best Buy provides weekly bonuses to its salespeople based, in part, on their denying proper price match requests.

Plaintiff alleges that on February 2, 2006, he purchased a 42-inch wide-screen high definition Samsung television at a Best Buy store in Niles, Illinois. Plaintiff states that he "considered and relied upon Best Buy's price match guarantee in making this shopping decision." Within the applicable time period, he discovered that a Circuit City store located in the same market area as the Niles Best Buy offered a lower price on the same television, which was in stock and available at Circuit City. Plaintiff states that he returned to the Niles Best Buy with Circuit City's print advertisement showing the lower price, and requested the benefit of Best Buy's price match guarantee. Although plaintiff's price match request complied with Best Buy's guarantee, Best Buy refused to honor the request. As a result, plaintiff paid Best Buy's higher price for the television, rather than Circuit City's lower price. Plaintiff also alleges that Best Buy denied his price match requests relating to other products on four other occasions in 2006 and

2007.

Based on these allegations, plaintiff's amended class action complaint asserts the following claims: violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505 *et seq*. (Count I); breach of the covenant of good faith and fair dealing (Count II); common law false advertising (Count IV); and unjust enrichment (Count V). Plaintiff seeks declaratory and injunctive relief in Counts III and VI. Best Buy has moved to dismiss the amended complaint in its entirety.

The Court begins by examining Best Buy's motion to dismiss plaintiff's ICFA claim in Count I. In order to withstand this portion of the motion to dismiss, plaintiff must have adequately alleged the following elements: (1) a deceptive practice by Best Buy; (2) Best Buy's intent that plaintiff rely on the deception; (3) the deception occurred during a course of conduct involving trade or commerce; and (4) actual damage to plaintiff; (5) that was proximately caused by the deception. See Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 850 (Ill. 2005). In addition, the parties agree that the heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply to plaintiff's ICFA claim. Thus, under Rule 9(b), plaintiff must plead the specific circumstances of the fraud he alleges, including "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc., 536 F.3d 663, 668 (7th Cir. 2008) (quoting Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997)); see also DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990) (describing this particularity requirement as "the who, what, when, where, and how: the first paragraph of any newspaper story").

Best Buy argues that plaintiff fails to adequately plead his ICFA claim because he fails to allege sufficient facts to establish that he was entitled to the price matches he requested. Best Buy challenges plaintiff's claim relating to his 2006 purchase of a Samsung television, by noting that plaintiff fails to:

- identify the precise model of the television he bought from Best Buy;

- plead that the television was available at Circuit City at the time he made his price match request;

- identify the Circuit City's specific location; or

- specify what the lower price offered by Circuit City was.

According to Best Buy, even if plaintiff establishes that he purchased the Samsung television from Best Buy at Best Buy's stated price, he cannot show that he suffered any loss *as a result* of Best Buy's denial of his price match request if he does not adequately allege that he was entitled to a price match in the first place. Best Buy similarly challenges plaintiff's unjust enrichment claim in Count V, arguing that if plaintiff was not entitled to a price match on the Samsung television, any benefit Best Buy received from the sale of that television was not "unjust."

The Court does not find Best Buy's argument persuasive. The amended complaint alleges that Circuit City offered a lower price on "an available in-stock product of the same brand and model" as the 42-inch wide-screen high definition Samsung television plaintiff had purchased from Best Buy; that the Circuit City was a retail store located in the same market area as the Best Buy store where plaintiff bought the Samsung television; and that plaintiff, armed with a print advertisement verifying the lower price, returned to the Best Buy store within the applicable time period and requested a price match. The Court finds that plaintiff has sufficiently

4

alleged the elements of his ICFA claim, as well as that Best Buy received an unjust benefit from its denial of plaintiff's price match request on the Samsung television.

Although the Court finds that plaintiff's ICFA and unjust enrichment claims withstand the motion to dismiss based on plaintiff's allegations relating to his 2006 purchase of the Samsung television, the Court notes that plaintiff would not be able to base these claims on his allegations relating to his other price match requests. Plaintiff alleges that he made four other price match requests to Best Buy in 2006 and 2007, but does not allege that he made any purchases at those times. Accordingly, plaintiff would be unable to show that he suffered actual damage as a result of Best Buy's denials of these requests, as required to support an ICFA claim. See Morris v. Harvey Cycle & Camper, Inc., 911 N.E.2d 1049, 1053 (Ill. App. Ct. 2009) (observing that the ICFA only provides remedies for purely economic injuries); Villasenor v. Am. Signature, Inc., No. 06 C 5493, 2008 WL 904888, at *4 (N.D. Ill. Mar. 31, 2008) (concluding that lost time spent shopping does not amount to actual damages under the ICFA). Similarly, plaintiff would be unable to show that Best Buy unjustly retained a benefit.

The Court next turns to Best Buy's motion to dismiss plaintiff's claim for breach of the covenant of good faith and fair dealing. As Best Buy correctly observes, under Illinois law, the covenant of good faith and fair dealing is merely an aid to contract interpretation, and does not provide a basis for an independent cause of action. See Zeidler v. A & W Restaurants, Inc., 301 F.3d 572, 575 (7th Cir. 2002) (noting that the district court correctly dismissed the plaintiff's claim that the defendant breached an independent covenant of good faith and fair dealing because that covenant is "not a source of contractual duties or liability under Illinois law."). Count II is dismissed.

Best Buy next argues that plaintiff's common law false advertising claim in Count IV should be dismissed because plaintiff does not allege that Best Buy was "palming off" plaintiff's goods as its own. In support of this argument, Best Buy cites a 1965 case from this district in which the court observed that palming off was typically a required element of a common law false advertising claim. See Smith-Victor Corp. v. Sylvania Elec. Prods., Inc., 242 F. Supp. 302, 309 (N.D. Ill. 1965). Plaintiff concedes that his false advertising claim "is probably superfluous," and does not otherwise respond to Best Buy's argument. Count IV is dismissed.

Since Best Buy's motion to dismiss plaintiff's claims for declaratory and injunctive relief is dependent on the dismissal of plaintiff's claims that this Court has determined will survive, Best Buy's motion to dismiss Counts III and VI is denied.

Finally, the Court *sua sponte* observes that plaintiff has not properly pled this Court's jurisdiction in his amended complaint. Plaintiff alleges that this Court may assert jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). That statute creates federal diversity jurisdiction over certain class actions "in which at least one member of the class is a citizen of a different state from any defendant." Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806 (7th Cir. 2010); 28 U.S.C. § 1332(d)(2). However, plaintiff has not properly alleged the citizenship of the parties. For example, in his amended complaint plaintiff alleges that he resides in Illinois (paragraph 12), in New York (paragraph 14), and in California (paragraph 15). Not only do these allegations appear to be contradictory, they fail to allege plaintiff's citizenship. See Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) (stating that "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

Nor do plaintiff's allegations that defendants are Minnesota business entities headquartered in Minnesota clearly establish defendants' citizenship. The amended complaint does not specify the state under whose laws defendant Best Buy Stores, L.P. is organized. See 28 U.S.C. § 1332(d)(10) (for the purposes of the Class Action Fairness Act, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Nor does it specify defendant Best Buy Co., Inc.'s state of incorporation. See 28 U.S.C. § 1332(c)(1) (stating that the citizenship of a corporation is both the state where it is incorporated and the state where it maintains its principal place of business). Plaintiff is ordered to file a second amended complaint that properly alleges the citizenship of the parties, as well as that removes the claims that are being dismissed as a result of this ruling.

**ORDERED:** Defendants' motion to dismiss [42] is granted in part and denied in part. The motion is granted as to Counts II and IV of the amended complaint, and denied as to Counts I, III, V, and VI. Plaintiff is ordered to file a second amended complaint, by June 7, 2010, that complies with this order.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED:     June 3, 2010